IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~SOUTHERN~~ Northern DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 06 2016
BY_____ ARTHUR JOHNSTON
                              DEPUTY

SHELIA O'BANNER                                           PLAINTIFF

VERSUS                           CIVIL ACTION NUMBER: 3:16CV347CWRLRA

METROPOLITAN LIFE INSURANCE COMPANY                       DEFENDANT

### COMPLAINT

1.      Plaintiff, Shelia O'Banner, by and through her attorneys of record, and brings this action against Metropolitan Life Insurance Company for violation of the Employment and Retirement Income Security Act of 1974, as amended, *29 U.S.C.* § 1001, *et. seq.*, ("ERISA"). Ms. O'Banner was a participant in the plan, an ERISA welfare benefit plan as administrated by Metropolitan Life Insurance Company. This Complaint challenges the Defendant's unlawful denial of Ms. O'Banner's request for long term disability benefits despite medical evidence demonstrating her qualifications for said benefits. Further, the Defendant unlawfully reduced disability benefits by an amount the Defendant claims should have been received from social security, even though Ms. Banner had previously been denied said benefits. Ms. O'Banner is filing this action to recover benefits due under a policy of insurance to enforce the present rights existing therein., to declare her rights under the terms of the policy, and to recover costs and attorney's fees as provided by ERISA.

### JURISDICTION

2.      This Court has personal and subject matter jurisdiction over this case pursuant to *29 U.S.C.* § 1132(e) and (f) because of Defendant's breach of its ERISA obligation to her.

3.      Plaintiff, Shelia O'Banner is a resident of the State of Mississippi residing in Jackson, Mississippi.

4.      Plaintiff, Shelia O'Banner was at all times a participant in within the meaning of *29 U.S.C.* § 1002 (2)(7) in the group long-term disability ("LTD") plan that was issued through Nissan of North America, Plaintiff's employer.

5.      Plaintiff, Shelia O'Banner has standing to bring this action under *29 U.S.C.* § 1132(a).

6.      Defendant, Metropolitan Life Insurance Company has its corporate headquarters located at 18210 Crane Nest Drive, 3rd Floor, Tampa, Florida and may be served process upon it's agent, C.T. Corporation System, 645 Lakeland East Drive, Flowood, Mississippi 39232.

7.      Defendant serves as both an administrator and the insurer of Nissan's long-term disability plan, as ERISA-governed employee benefit plan. The plan grants the Defendant (as administrator) discretionary authority to determine whether an employees claim for benefits is valid; it simultaneously provides that Defendant (as insurer) will itself pay valid benefit claims.

8.      Defendant is a for-profit corporation and does business in ths State of Mississippi, deriving revenue from its business it conducts in Mississippi.

9.      The plan under which the Plaintiff is suing is a group disability plan maintained by Nissan of North America ("the Company") and fully insured and administered by a contract of insurance issued by Metropolitan Life Insurance Company.

10.     Up until May of 2011, Plaintiff was working full-time for the Company. Her last employment was in Canton, Mississippi. She has not worked since that time.

11.     The Plan's covered class includes Plaintiff.

12.     As a full-time employee, Ms. O'Banner became insured under the Plan.

13. The policy provides for the Plaintiff long-term disability to cover the employees who meet all contractual obligations, including the definition of disability.

14. On or about November 11, 2011, Ms. O'Banner began receiving long-term disability payments under the plan. However, on or about March 27, 2012, the Defendant began arbitrarily reducing her monthly benefits by $1,301.00, which the Defendant claimed was the estimated amount of social security benefits that Ms. O'Banner should have been receiving. Further, pursuant to policy language, there is no offset for social security benefits until after twenty-four (24) months of disability benefit payments.

15. Between March of 2012 and August of 2014, the Defendant wrongfully reduced Ms. O'Banner's benefits by approximately, Thirty-Seven Thousand Seven Hundred Twenty-Nine Dollars ($37,729.00).

16. On or about September 11, 2014, the Defendant terminated all long-term disability payments to Ms. O'Banner, even though Ms. O'Banner's treating physician had placed a permanent restriction on her which limited her ability to find employment and contrary to the terms of the subject group policy defining disability as being "unable to perform the material duties of Your Own Job."

17. The Defendant's arbitrary decision to terminate long-term disability payments was made without any examination of Ms. O'Banner by an independent medical examiner, relied upon a faulty generic labor market study, failed to interview the Plaintiff and did not identify any specific jobs in her area.

18. The Plaintiff filed and/or requested an appeal to her denial of benefits, which was denied by the Defendant on or about November 3, 2105.

19. The Defendant, as plan administrator, both evaluates claims and pays benefit claims, thereby creating an inherent Conflict of Interest.

20. As a result of Defendant's improper denial of Plaintiff's long-term disability benefits, she has not received any further disability payments.

21. As a further result of Defendant's improper denial of her long-term disability benefits, Plaintiff has been forced to pay for medical insurance benefits.

22. The Defendant has improperly denied the Plaintiff's disability benefits in the following manner:

a) it failed to acknowledge the findings of the Plaintiff's treating physicians who indicated that she was unable to return to work;

b) it improperly reduced her short-term benefits by an amount of Social Security disability benefits that she was not awarded;

c) it failed to acknowledge that under their own policy language defining disability, she is disabled;

d) their own Medical Director never examined the Plaintiff;

e) it failed to take into account the medical records of the treating physicians; and

f) it evaluated the medical and vocational evidence in a biased manner and did so with the existence of a structural conflict of interest.

23. The Defendant's improper denial of long-term disability benefits is a violation of *29 U.S.C.* § 1132(a)(1).

WHEREFORE, Plaintiff Shelia O'Banner prays for the following relief:

a) Declaratory relief that she is entitled to disability benefits, past and present, plus interest on unpaid contributions;

b) Reasonable attorney's fees and costs pursuant to *29 U.S.C.* § 1132(g);

c) Reimbursement for amounts previously deducted from short-term disability payments for social security, plus interest;

d) Reimbursement for all medical expenses;

e) Alternatively, a remand requiring Metropolitan Life Insurance Company to consider all of the evidence and how it impacts upon Plaintiff's ability to work; and

f) Any other relief this Honorable Court deems appropriate.

Respectfully submitted,

HOPKINS, BARVIÉ & HOPKINS, P.L.L.C.

By:_____
MARIANO J. BARVIÉ (MSB#10324)

OF COUNSEL:

MARIANO J. BARVIÉ, ESQ., MSB NO. 10324
**HOPKINS, BARVIÉ & HOPKINS, P.L.L.C.**
POST OFFICE BOX 1510
GULFPORT, MS  39502-1510
(228) 864-2200 PHONE
(228) 868-9358 FAX
mbarvie@hopkins-law.com

WILLIAM W. BUSCHING, ESQ., (MSB#10570)
ATTORNEY-AT-LAW
P.O. Box 1510
Gulfport, Mississippi  39502
(228) 864-2200 office
(228) 868-9358 facsimile
buschinglaw@yahoo.com
***ATTORNEYS FOR PLAINTIFF***